UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HOLLE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 24-cv-06263-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 31 |

Holle and his attorney impeded the progress of Holle's deposition. The Court grants CCSF's request for leave to depose Holle for two more hours.

Holle's attorney made speaking objections. *See, e.g.*, Dkt. 31-1, Dep. Tr. 74:1–5; 298:14–18. "Speaking objections are prohibited." AGT Civil Standing Order § VII.F. Objections must be "stated concisely." Fed. R. Civ. P. 30(c)(2). Holle also made his own objections. *See, e.g.*, Dep. Tr. 306:25 (Holle: "Asked and answered"). Only counsel may object.

Holle cursed at opposing counsel. *See, e.g.*, *id.* at 299:4–5 (Holle: "I've already answered [this question] multiple times. Look at the goddamn transcript."). Holle must not argue with or curse at opposing counsel. Holle also refused to answer follow-up questions, resulting in delays when CCSF tried to obtain a response. Below is an example:

> Q. So the paramedics said something about you perhaps having a heart attack, and Mr. Ochi was in the office when that comment was made, and you believe that he may have overheard that comment; is that correct?

>A. I recollect that. . . .
>
>Q. And where was Mr. Ochi standing do you recall when the comment . . . from the paramedics about you having a heart attack was made?
>
>. . . .
>
>[Holle's Counsel] I'm going to object to this line of questioning. You've asked and he's answered the questions to the best of his recollection. Now it's becoming argumentative. . . .
>
>. . . .
>
>[CCSF's Counsel] No. I was asking where Mr. Ochi was standing. I've never asked that before.
>
>. . . .
>
>[CCSF's Counsel] So the question was, where was Mr. Ochi standing when the paramedics made this comment about you having a heart attack?
>
>A. You're badgering me.
>
>[Holle's Counsel] . . . Objection. Asked and answered. Objection. Argumentative.

Dep. Tr. 73:14–75:8.

CCSF's question about where Mr. Ochi was standing was new, and Holle didn't answer it. CCSF tried several times to obtain a response: a reasonable, non-argumentative approach. Moreover, even when an objection has merit—the objections here did not—"the examination still proceeds." Fed. R. Civ. P. 30(c)(2). Counsel may not instruct a witness not to answer unless "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*

Holle asserts that CCSF's attorney was unprofessional during the deposition. *See* Dkt. 31 at 6 ("Mr. Shapiro responded by becoming very unprofessional and continuing down

2

his line of repetitive questions and wasting time."). Holle hasn't identified any specific comment by CCSF's counsel that was unprofessional. And although Holle criticizes CCSF's "repetitive questions," CCSF repeated questions only when Holle refused to answer them.

The transcript does reflect a disagreement over body language.

> [Holle] I won't be badgered, Adam. Don't laugh at me.
> [CCSF's Counsel] Okay.
> [Holle] Don't you dare.
> [CCSF's Counsel] I'm not laughing.
> [Holle] You are.
> [Holle's Counsel] Objection. Very unprofessional, Adam.
> [Holle] Adam, don't laugh at me.
> [CCSF's Counsel] I am not laughing, sir.

Dep. Tr. 75:9–18.

With a written transcript, the Court cannot evaluate body language, but the Court reminds the parties and counsel that they must be professional and respectful at all times.

Holle refused to answer certain questions about Mr. Ochi, his former supervisor, because they triggered his PTSD. *See, e.g.*, Dep. Tr. 76:13–14 (Holle: "All I know is that you're triggering the shit out of me right now."). If Holle needs to take breaks, off the record, he may do so. But he must answer CCSF's questions. He is suing for discrimination and retaliation. CCSF is entitled to understand the facts that form the basis of his claims.

Counsel and the witness must comply with this order at Holle's follow-up deposition. If counsel or Holle impede, delay, or frustrate the deposition, the Court may impose sanctions, including "reasonable expenses and attorney's fees." Fed. R. Civ. P. 30(d)(2).

**IT IS SO ORDERED.**

Dated: May 16, 2025

Alex G. Tse
United States Magistrate Judge