1  DAVID CHIU, State Bar # 189542
   City Attorney
2  CECILIA T. MANGOBA, State Bar #169007
   Interim Chief Labor Attorney
3  ADAM SHAPIRO, State Bar 267429
   Deputy City Attorneys
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4285
6  E-Mail:       adam.shapiro@sfcityatty.org

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
8  & EDWARD OCHI

9

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13  SHAWN HOLLE, an individual,        | Case No. 3:24-CV-06263-AGT
14        Plaintiff,                   | **DEFENDANTS' SEPARATE STATEMENT OF DISCOVERY DISPUTE RE COURT ORDERED DEPOSITION OF PLAINTIFF SHAWN HOLLE**
15        vs.                          |
16  EDWARD OCHI, an Individual,
    CITY AND COUNTY OF SAN
17  FRANCISCO and DOES 1 to 100,
    INCLUSIVE,
18
          Defendants.
19

Pursuant to the Court's Standing Order, the Defendants submit this Separate Statement re Discovery Dispute Regarding the Court Ordered Deposition of Plaintiff Shawn Holle. As set forth below, Defendants made a good faith attempt to submit this as a joint statement, but Plaintiff refused to provide his portion. In short, Holle refuses to sit for a continued deposition, despite the Court's order that he do so. While Holle claims to be unavailable for some unspecified period of time, he testified in another trial in March, and has indicated he will testify in another trial in the coming weeks.

## MEET AND CONFER EFFORTS

The parties exchanged over a dozen meet and confer emails concerning this issue starting on May 16, 2025. See Shapiro Decl. ¶¶ 5-22, Exs. 1-17. On June 3, 2025, the parties had a meet and confer call and were unable to resolve their dispute. *Id.* ¶ 20-22. Defendants attempted to obtain Plaintiff's portion of a joint statement. Shapiro Decl. ¶ 26, Ex. 18. Plaintiff declined to provide his portion. *Id.* While Plaintiff has maintained that this issue can be raised at another time, the fact discovery deadline was June 6 and per the Court's Local Rules, under these circumstances, discovery motions must be brought within 7 days of the fact discovery cutoff, i.e. the date of this filing. N.D. Cal. L.R. 37-3. The undersigned appreciates that Holle's counsel is currently in trial – the undersigned is lead counsel for the defense in that same trial. But Defendants have been trying to meet and confer on this issue for almost a month, and today is the last day to file a discovery motion.

## THE CITY'S POSITION

On May 16, 2025, the Court issued a discovery order finding that "Holle and his attorney impeded the progress of Holle's deposition" and granted Defendants' request for "leave to depose Holle for two more hours." Dkt. No. 32. Holle claims that he is unable to appear for that deposition, citing that his purported PTSD precludes him from testifying. Shapiro Decl. ¶¶ 8, 14-15, Ex. 11. Yet, Holle testified in a trial in a related case in March, Shapiro Decl. ¶ 23, and Holle's counsel has indicated he will testify in another related case that is currently in trial. *Id.* ¶ 21-22, 24. Holle cannot have it both ways. He should be ordered to appear for deposition. If he cannot testify, the Court should issue an order to show cause why the case should not be dismissed.

1

## I. Relevant Procedural History Background

The City took the deposition of Holle on January 17, 2025. As set forth in the Court's May 16 Order, during this deposition, "Holle's counsel made speaking objections," "Holle also made his own objections," "Holle cursed at opposing counsel"; and "Holle refused to answer follow-up questions, resulting in delays when CCSF tried to obtain a response." Dkt No. 32 at p. 1. Defendants subsequently moved to compel via a joint discovery letter, seeking an order compelling Holle to sit for an additional two hours of deposition. Dkt No. 31. Holle took the position that Defense counsel had "intentionally triggered Mr. Holle's severe PTSD" by being "unprofessional," without pointing to any supporting evidence. *Id.* at 5:8-9.

In March 2025, Holle testified in a trial in a related matter, *Huynh* v. *City and County of San Francisco,* which is pending in San Francisco Superior Court. Shapiro Decl. ¶ 23.

On May 16, 2025, the Court granted the relief requested by Defendants, and rejected Holle's contentions that defense counsel had engaged in unprofessional conduct during the deposition. (Dkt No. 32.) The order concludes: "If counsel or Holle impede, delay, or frustrate the deposition, the Court may impose sanctions, including 'reasonable expenses and attorney's fees.'" Dkt No. 32 at 3.

After the order issued, Defendants immediately requested deposition dates. Shapiro Decl. ¶ 5, Ex. 1. Holle failed to meet and confer on dates, and Defendants unilaterally noticed the deposition for May 29. *Id.* ¶¶ 5-7, Exs. 2-3. On May 23, immediately after his deposition was noticed, Holle moved to remand. Dkt. No. 33. On May 26, Holle claimed to have an unspecified "medical condition" that precluded him from being deposed. *Id.* ¶ 8, Ex. 4. On May 29, the date of the noticed deposition, Defendant Ochi observed Holle at a town hall in Pacifica. Ochi Decl. ¶¶ 2-4. Holle did not appear to be ill at the town hall event, and clapped vigorously throughout. *Id.*

Defendants repeatedly asked for an explanation and for alternative dates for the deposition, Shapiro Decl. ¶¶ 10-13. Holle initially took the position that he could not be deposed until he was "given the ok by his doctor." *Id.* ¶ 11. Then on June 2, Holle provided a letter from his doctor to the court stating that Holle has PTSD and requesting "modifications to any planned interrogative procedures," including "[a]voidance of direct cross-examination or confrontational questioning." *Id.*

¶¶ 14-15, Ex. 11. The letter does not indicate whether Holle's condition is temporary, and provides no time frame for when he could sit for a normal deposition. *Id.* Ex. 11. Defendants offered Holle several accommodations for Holle's claimed PTSD, including a discovery referee. *Id.* ¶ 16, Ex. 12. Holle declined to respond to Defendant's proposals. *Id.* ¶¶ 17-20. Holle has also been unable to provide any timeframe as to when he would be able to testify. *Id.* ¶ 17-22. Throughout this correspondence, Holle has repeatedly accused Defendants of creating "false narratives" and again accused Defense counsel of unprofessional conduct.

Notwithstanding Holle's claimed unavailability for deposition for what appears to be an indefinite period, Holle initially repeatedly refused to say whether he will testify in another related case brought by his attorneys, *Milani v. City and County of San Francisco*, Case No. CGC-23-604642, which is set for trial in June. Shapiro Decl. ¶¶ 13-22. Then, during arguments on motions in limine in *Milani*, counsel represented that Holle would testify at the *Milani* trial. Shapiro Decl. ¶ 25. Notwithstanding Holle's doctor's note indicating that Holle's cannot be directly questioned, Holle's counsel represented that Holle's testimony would not impact his alleged PTSD due to the presence of a judge. Shapiro Decl. ¶ 25. Nevertheless, Holle's still has refused to address Defendant's proposal that a referee attend his deposition.

## ARGUMENT

It appears that Holle is attempting to avoid a court-ordered deposition. Initially, Holle claimed that his deposition should not be continued because alleged misconduct by defense counsel triggered his PTSD. When the court soundly rejected this argument, and ordered to him to sit for deposition, Holle claimed to be unavailable due to an unspecified medical condition, and then moved to remand in apparent attempt to avoid the Court's order. See Dkt. No. 34 (Opp. to Mot. To Remand). When Holle was observed at a town hall on the date of his noticed deposition, he changed tack again, claiming that his PTSD precluded him from testifying, and that it was triggered by any direct questioning whatsoever (as opposed to alleged "unprofessional conduct" by counsel). Notwithstanding Holle's purported inability to sit for deposition, he voluntarily testified against Ochi in a related trial in March. And notwithstanding his provider's representations that Holle cannot be directly questioned, Holle has

3

stated that he intends to testify at the *Milani* trial in June. While the Court soundly rejected Holle's assertion that counsel engaged in "unprofessional conduct" at his deposition, Holle has continued to make baseless allegations of unprofessional conduct against counsel in the *Milani* matter. Holle has alternatively claimed that he cannot be questioned at all or that Holle cannot be questioned due to baseless concerns about "unprofessional conduct." Defendants attempted to meet and confer with Holle, offering several accommodations but Holle has also refused to respond to Defendants' proposals, and refused to provide any time frame as to when he could be deposed, notwithstanding that the fact discovery cutoff was June 6, 2025. Even if Holle's deposition is taken after the fact discovery cutoff, his continued refusal sit for deposition has prejudiced Defendants' ability to prepare expert reports, due June 20, prepare a motion for summary judgment, due June 27, and prepare for *Milani*, which is set for trial this week. Setting aside Holle's shifting and inconsistent positions, if Holle cannot ever be directly questioned, as his doctor's note appears to suggest, it is unclear how he could possibly present his case at trial, or how Defendants can adequately respond to his allegations. Thus, the case may need to be dismissed. And if Holle can be questioned, as evidenced by his recent appearance at the *Huynh* trial and his anticipated appearance at the *Milani* trial, then he should be compelled to sit for a deposition. Holle's baseless allegations of "unprofessional conduct," which the Court has already rejected, do not justify his refusal to appear for deposition.

## RELIEF REQUESTED

Defendants request that the Court order Holle to sit for a deposition at a mutually agreed upon date in June or July 2025. In light of Holle's claimed limitations, Defendants ask that the Court grant Defendants 5 hours to conduct the deposition. Defendants further request monetary sanctions against Holle and/or his counsel. If the Court deems a discovery referee is necessary, then it should be paid for by Holle and/or his attorneys. Alternatively, Defendants request that the Court issue an order to show cause why this case should not be dismissed due to Holle's purported inability to testify, and an accompanying briefing schedule.

Dated: June 13, 2025

        DAVID CHIU
        City Attorney
        CECELIA MANGOBA
        Chief Labor Attorney
        ADAM SHAPIRO
        Deputy City Attorney

By: */s/Adam Shapiro*
    ADAM SHAPIRO

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
& EDWARD OCHI

---

5

Separate Statement Re Discovery Dispute
CASE No. 3:24-cv-06263-AGT

n:\labor\li2024\210326\01793252.docx