
| | |
|---|---|
| 1 | DAVID CHIU, State Bar # 189542<br>City Attorney |
| 2 | CECILIA T. MANGOBA, State Bar #169007<br>Interim Chief Labor Attorney |
| 3 | ADAM SHAPIRO, State Bar 267429<br>Deputy City Attorneys |
| 4 | Fox Plaza<br>1390 Market Street, 5th Floor |
| 5 | San Francisco, California 94102-5408<br>Telephone:    (415) 554-4285 |
| 6 | E-Mail:       adam.shapiro@sfcityatty.org |
| 7 | Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HOLLE., an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>EDWARD OCHI, an Individual, CITY AND COUNTY OF SAN FRANCISCO and DOES 1 to 100, INCLUSIVE,<br><br>    Defendants. | Case No. 3:24-CV-06263-AGT<br><br>**DECLARATION OF ADAM SHAPIRO IN SUPPORT OF DEFENDANTS' SEPARATE STATEMENT RE DISCOVERY DISPUTE RE COURT ORDERED DEPOSITION OF PLAINTIFF SHAWN HOLLE** |

I, ADAM SHAPIRO, declare as follows:

1. I am an attorney admitted to practice law in California and to appear before this Court. I am employed as a Deputy City Attorney by the Office of the City Attorney for the City and County of San Francisco ("City"). I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts contained herein.

2. I am assigned to represent the City and County of San Francisco and Edward Ochi in the above-captioned action filed by Plaintiff *Shawn Holle v. City and County of San Francisco, et al.*

3. On January 17, 2025, Defendants took the deposition of Shawn Holle.

4. On May 16, 2025, the Court issued an order on the parties' joint discovery statement regarding Mr. Holle's deposition. In that order, the Court found that Mr. Holle and his counsel impeded the progress of Mr. Holle's deposition, and rejected Plaintiff's arguments that defense counsel had engaged in unprofessional conduct. Dkt. No. 32. The Court also ordered Plaintiff to sit for an additional two hours of deposition. *Id.*

5. Later on May 16, 2025, I emailed Plaintiff's counsel stating the following: "Please see the attached order from the Court regarding Mr. Holle's deposition. Please let me know dates that Mr. Holle is available for deposition – we will be taking the deposition before the June 2, 2025 trial in Milani. Please advise Mr. Holle regarding the Court's instructions in this order in advance of the deposition." A true and correct copy of that email is attached hereto as **Exhibit 1**. Plaintiff's counsel declined to respond to that email.

6. On May 20, 2025, I emailed Plaintiff's counsel stating the following: "We have yet to receive a response to our last several emails requesting dates that Mr. Holle is available for deposition. Note that we have been asking to continue this deposition for months, that we had to file a successful motion to compel on the issue, that we have another trial starting on June 2, and and fact discovery in the Holle matter will soon close. Accordingly, we are under tight timelines, and we believe our meet and confer obligations have been satisfied. We will be sending you a deposition notice for Thursday, May 29." A true and correct copy of that email is attached hereto as **Exhibit 2**. Plaintiff's counsel did not respond to this email.

2

7. Later on May 20, 2025, Defendants noticed Mr. Holle's continued deposition for May 29, 2025. A true and correct copy of the deposition notice sent to Mr. Holle's counsel is attached hereto as **Exhibit 3**.

8. On May 26, 2025, I received an email from Plaintiff's counsel stating: "I was informed over the weekend that Mr. Holle is dealing with a medical condition and would not be able to attend the scheduled deposition. We will provide additional dates to comply with the court order once Mr. Holle has been permitted by his doctors. Thanks." A true and correct copy of that email is attached hereto as **Exhibit 4**.

9. On May 27, 2025, I emailed Plaintiff's counsel: "Please provide other dates when Mr. Holle is available for deposition. If Mr. Holle is unavailable until after the fact-discovery deadline, please confirm that Plaintiff will waive any objection to the timing of his deposition based on the fact discovery deadline." A true and correct copy of that email is attached hereto as **Exhibit 5**. I have yet to receive a response to the inquires in the email in Exhibit 5.

10. On May 30, I emailed Plaintiff's counsel, stating the following: "Counsel, I am writing to address concerns regarding Plaintiff's compliance with the court-ordered deposition.  There appears to be inconsistencies between Plaintiff's representations concerning his health status and his ability to participate in the deposition as ordered by the Court. As you are aware, the Court ordered Plaintiff to attend a second day of deposition, finding that Plaintiff and his counsel had engaged in misconduct and impeded the progress of the first day of deposition. Our office has repeatedly attempted to meet and confer about a deposition date, but Plaintiff refused to respond. As a result, Defendants had no choice but to unilaterally notice the deposition for May 29 given the upcoming discovery cut off of June 7 and that both of our offices will be in trial starting June 2. Plaintiff then moved to remand, in what appears to be a blatant attempt at forum manipulation (see Defendants' opposition to that motion), and then claimed that he was unavailable for deposition because he was "dealing with a medical condition" (see your office's May 26 email below). Our office requested alternative dates, but have yet to receive a response.  Yesterday, the date the deposition had been originally noticed, Plaintiff was observed at a town hall meeting in Pacifica, that took place between 7:30 and 9 pm. Plaintiff

3

appeared to be perfectly well at this meeting. We are prepared to submit evidence to the court on this point. We are concerned that Plaintiff is attempting to openly defy a court order and to obstruct discovery. Please provide a date certain when Plaintiff will appear for a deposition. In light of Plaintiff's gamesmanship, we also demand that Plaintiff pay for the cost of the second day of his deposition. Please provide a response to this email by the end of the day. We reserve the right to seek appropriate relief from the Court." A true and correct copy of this email is attached hereto as **Exhibit 6**.

11.     Later on May 30, 2025, I received the following reply from Plaintiff's counsel via email: "Adam, I don't appreciate you creating a false narrative without a complete understanding of my client's medical condition. Please restrain yourself from making false accusations. As I had mentioned to you in my last email, as soon as Mr. Holle is given the ok by his doctor to sit for the deposition, I will provide you the dates. As you know we are traveling today for a trial. I am available to discuss this matter further on Monday.  We can provide you with doctor's note after our discussion on Monday. Thank you." A true and correct copy of this email is attached hereto as **Exhibit 7**.

12.     I responded to Plaintiff's counsel's May 30 email later that day, stating: "Counsel: There is no false narrative. The record here is quite clear. Given Plaintiff's position that he is unable to appear for deposition, the City presumes he will not be testifying at the Milani trial. Please confirm that is the case by the end of the day. If not, please explain why Mr. Holle can testify at trial but not at deposition. Defendants reserve the right seek appropriate relief from the court in both the Holle and Milani matters." A true and correct copy of this email is attached hereto as Exhibit 8.

13.     On June 2, 2025, I emailed Plaintiff's counsel stating the following: "Counsel, Defendants have yet to receive a response to the email below. Moreover, Plaintiff has yet to: (1) indicate whether he will waive objections to his deposition based on the fact discovery deadline; (2) indicate whether he intends to testify at the Milani trial notwithstanding his claimed inability to testify at deposition, (3) provide any details regarding the nature of the purported condition that precludes him from testifying at deposition, but apparently does not preclude him from doing anything else, including testifying at trial; or (4) offer alternative dates for his deposition. The Court's May 16 order

4

Decl. of Adam Shapiro iso Separate Statement re Discovery Dispute         n:\labor\li2023\210326\01835473.docx
CASE NO. 3:24-CV-06263-AGT

states: "If counsel or Holle impede, delay, or frustrate the deposition, the Court may impose sanctions, including reasonable expenses and attorney's fees." It appears that Plaintiff is continuing to impede his deposition. Defendants intend to file a joint discovery statement regarding Plaintiff's refusal to comply with the Court's order. Please provide dates and times that you are available for a meet and confer call." A true and correct copy of that email is attached hereto as **Exhibit 9**.

14. On June 2, 2025, I received the following message from Plaintiff's counsel: Mr. Shapiro Please stop creating false narratives. Plaintiffs have never implied to delay or impeded the courts order. In fact, we have communicated with you that as soon as we get an ok from the provider for Mr. Holle to sit for another deposition, we will provide you with the dates. As of today, I do not have those dates. Your constant false accusations and threats are very unprofessional and go against the rules of professional conduct. We have also stated to you earlier in our past emails, that if you need a medical note from the provider we would provide one to you. This is the first time you have made such a request. I am attaching a note from Mr. Holle's provider. Please stop the false accusations and allegations since you are not a medical doctor nor do you understand what Mr. Holle is undergoing in terms of his medical condition. As an officer of the court, please restrain yourself from making false allegations. A true and correct copy of that email is attached hereto as **Exhibit 10**.

15. Attached to Plaintiff's counsel June 2 email (Exhibit 10) was a note that purports to be from Plaintiff's medical provider. A true and correct copy of that attachment is attached hereto as **Exhibit 11**.

16. Later on June 2, 2025, I sent an email to Plaintiff's counsel stating the following "Counsel, Defendants have yet to receive a response to questions 1, 2, and 4 below. Please respond. You have also yet to identify a time you are available to meet and confer so that we can brief this for the court. Please do so. We are willing to accommodate Plaintiff's purported condition by allowing a discovery referee to attend the deposition (something Plaintiff had proposed in his last joint discovery letter), so long as Plaintiff agrees to bear the cost of that referee. We are also willing to allow Plaintiff to have a support animal and/or person attend the deposition with him. However, so long as Plaintiff continues to assert claims against Defendants, he cannot avoid being questioned or cross-examined

5

concerning his claims and allegations. Please cease impeding the conduct of a court-ordered deposition. Please also respond to the questions set forth in our email from earlier, our request for a meet and confer call, and our proposal above. Please also note that if Plaintiff is unable to be deposed or testify at trial, we reserve the rights to seek appropriate relief, including dismissal of this entire action." A true and correct copy of that email is attached hereto as **Exhibit 12**.

17. On June 3, 2025, I sent an email to Plaintiff's counsel, stating the following: "Counsel, Defendants are still waiting on a response to the email below. Defendants have been trying to finish this deposition since January and Defendants have been trying to meet and confer to get compliance with a court order since May 16. Plaintiff has been evading Defendants' reasonable inquiries for some time now, and the fact discovery cutoff is Friday. If Defendants do not receive a direct response to our inquires, then it is fair to conclude that Plaintiff is not going to meet and confer and Defendants will be seeking appropriate relief from the court. Defendants do not consider Plaintiff's accusations of "false narratives" to be a good faith attempt to meet and confer. Please respond by the end of day." A true and correct copy of that email is attached hereto as **Exhibit 13**.

18. On June 3, 2025, I received the following response from Plaintiff's counsel: "Mr. Shapiro.  As mentioned in our earlier conversations that plaintiff will comply with court's order. Also, as I have mentioned earlier, I don't have dates to give you at this time since medical release has not been given by Mr. Holle's provider. As soon as I have a release from his medical provider, you will be the first to know for deposition dates. We are agreeable to continue deposition even after discovery cut off to comply with court's order.  I am available to discuss further if you want.  Dr. Karim Bhanji RPh, DC, Esq." A true and correct copy of that email is attached hereto as **Exhibit 14**.

19. On June 3, 2025, I responded to counsel's email as follows: "Counsel, Will Mr. Holle testify at the Milani trial, "yes" or "no." Please stop evading that question.  Also please review the letter from Dr. Vora, as it is inconsistent with Plaintiff's representations concerning his ability to testify and the timing of his testimony. Defendants have offered Mr. Holle accommodations to assist with the conduct of the deposition. Please indicate whether they are agreeable and please offer a date when Mr. Holle is available to testify. If Mr. Holle is not going to offer a date for his deposition and/or

6

Decl. of Adam Shapiro iso Separate Statement re Discovery Dispute    n:\labor\li2023\210326\01835473.docx
CASE NO. 3:24-CV-06263-AGT

respond to Defendants' inquires, Defendants will seek relief from the court. Please provide a date and time you are available to discuss by phone." A true and correct copy of that email is attached hereto as **Exhibit 15.**

20. At 2:00 on June 3, 2025, counsel for Plaintiff's and Defendants had a meet and confer call concerning Mr. Holle's court-ordered deposition. On that call, Mr. Bhanji reiterated the position that Plaintiff's counsel had taken in prior emails, including: (1) Mr. Holle is unable to attend deposition at this time, (2) that Mr. Holle intends to comply with the court's order and appear for deposition, but not at this time, (3) that Mr. Holle cannot currently provide dates that he is available for deposition. Mr. Bhanji agreed to extend the fact discovery deadline for the purposes of taking his deposition. When asked whether Mr. Holle would appear at the Milani trial, Mr. Bhanji responded that Mr. Holle is "on the witness list." Mr. Bhanji declined to state one way or the other whether Mr. Holle would testify at the Milani trial, while also maintaining that Mr. Holle is currently unavailable for deposition. I stated that Defendants believe they have satisfied their meet and confer obligations. Plaintiff's counsel did not disagree.

21. Later that same day, I emailed Plaintiff's counsel stating the following: "Counsel, I am writing to summarize our call concerning Mr. Holle's deposition. On that call, Mr. Bhanji reiterated the position that Plaintiff's counsel has taken in prior emails, including: (1) Mr. Holle is unable to attend deposition at this time, (2) that Mr. Holle intends to comply with the court's order and appear for deposition, but not at this time, (3) that Mr. Holle cannot currently provide dates that he is available for deposition. Mr. Holle has agreed to extend the fact discovery deadline for the purposes of taking his deposition. When asked whether Mr. Holle would appear at the Milani trial, Mr. Bhanji responded that Mr. Holle is "on the witness list." Mr. Bhanji declined to state one way or the other whether Mr. Holle would testify at the Milani trial, while also maintaining that Mr. Holle is currently unavailable for deposition. As discussed, Defendants believe they have satisfied their meet and confer obligations. Defendants will provide their portion of a joint discovery statement to the court shortly." A true and correct copy of that email is attached hereto as **Exhibit 16**.

22. Plaintiff's counsel responded a few minutes later, stating: "Mr. Shapiro You left out the

fact that the reason I cannot provide the dates because I don't have a release from the doctor for Mr. Holle to sit for his deposition at this time. I also mentioned to you that as soon as I have a release from his provider, you will be the first person to know about the dates I also referred you back to the doctors note I have provided to you to read it carefully which outlines why he cannot sit for the deposition at this time. In regards to Mr. Holle's testimony in Mr. Milani's trial, he has always been listed as a witness whether he will testify or not I cannot give you that answer at this point because it will depend on his medical condition and the severity of it at the time." A true and correct copy of that email is attached hereto as **Exhibit 17**.

23. I represent Defendants in the matter of *Huynh* v.*City and County of San Francisco,* which is pending in San Francisco Superior Court, Case No. CGC-23-610509. The plaintiff in that case, Frederick Huynh, is represented by the same counsel as Holle. Huynh has asserted similar allegations as Holle against Defendant Edward Ochi. A bench trial was held int that matter in March 2025. Shawn Holle testified on behalf of the Plaintiff at that trial on March 12, 2025. The court found in favor of the City and entered judgment in favor of the City.

24. I also represent the Defendants in the matter of Milani v. City and County of San Francisco, which is pending in San Francisco Superior Court, Case No. CGC-23-604642. The plaintiff in that case, Kevin Milani, is represented by the same counsel as Holle. Milani has asserted similar allegations as Holle against Defendant Edward Ochi. The parties appeared for trial call in that matter on June 2, 2025. The case was assigned to the Honorable Christopher Hite. Jury selection is set to begin on June 16.

25. During arguments on motions in limine, counsel continued to argue that defense counsel engaged in "unprofessional conduct," and represented that Holle would testify at the *Milani* trial. According to Holle's counsel, that testimony will not impact his alleged PTSD due to the presence of a judge

26. On June 4, 2025, I provided Defendants portion of a separate statement to the Court. On June 5, 2025, Plaintiff counsel stated that they could provide their portion of the separate statement the following week. Later that day I responded that the matter could wait until the court ruled on a

8

Decl. of Adam Shapiro iso Separate Statement re Discovery Dispute     n:\labor\li2023\210326\01835473.docx
CASE NO. 3:24-CV-06263-AGT

motion to remand. On June 11, 2025, after Plaintiff changed his position on his availability to testify at the Milani trial, and after I realized that the deadline to file a motion to compel was June 13, I spoke to Plaintiff's counsel in court and asked them to provide a portion of their written statement. Plaintiff's counsel stated that I should send them an email I did so later on June 11, asking Plaintiff to prepare their portion of the joint statement by noon on June 13. I did not receive a response and sent a reminder email on June 13 at 10:19 a.m. on June 13, 2025, Plaitniff's counsel wrote: "As you know both parties are currently in trial and working towards getting the cause challenges for jury questionnaires ready for the parties in Mr. Milani's case.  According to your email of June 5th, you had indicated the joint statement in the Holle matter ' this can wait until we get an order for the motion on remand.' Plaintiffs' counsel has relied on this and we will provide our portion of the brief after the Milani trial is done. I understand the concerns you have about the deadline in the Holle matter, Plaintiff's counsel have agreed to continue discovery regarding Mr. Holle's deposition until it is complete. Mr. Holle will comply with the court order for his second deposition for 2 hours when he has been released by his doctor and we can have a discovery referee present as you had agreed upon." A true and correct copy of this email correspondence is attached hereto as **Exhibit 18**.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of June, 2025, in San Francisco, California.

_____
ADAM M. SHAPIRO

9

Decl. of Adam Shapiro iso Separate Statement re Discovery Dispute
CASE NO. 3:24-CV-06263-AGT
n:\labor\li2023\210326\01835473.docx