DIALLAH BHANJI (SBN 321670)
ALKARIM BHANJI (SBN 337596)
BHANJI LAW FIRM
955 Renaissance Way
Roswell GA 30076
Telephone: (425) 281-6858
Facsimile: (415)-520-9970
Email: diallah@justiceforhumans.com
          karim@justiceforhumans.com

Attorneys for Plaintiffs
SHAWN HOLLE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HOLLE<br><br>      Plaintiff,<br><br>      vs.<br><br>EDWARD OCHI, an Individual, CITY AND COUNTY OF SAN FRANCISCO, a Government Entity, and DOES 1 to 100, INCLUSIVE<br><br>      Defendants. | Case No. 3:24-cv-06263-AGT<br><br>PLAINTIFFS RESPONSE TO DEFENDANTS SEPARATE STATEMENT RE: DISCOVERY DISPUTE REGARDING THE PLAINTIFF MR. SHAWN HOLLE'S SECOND DEPOSITION FOR TWO HOURS AS ORDERED BY THE COURT. |

Defense counsel chose to file a separate statement without the Plaintiffs position which Plaintiff is responding to. Defendant is misleading the court and Plaintiffs' counsel did not refuse to submit their portion of the separate statement. Plaintiff and Defense counsel had agreed to wait until the order for the motion to remand was decided. Both Plaintiff and Defense counsel are in trial on a different matter, and Defense counsel filed the Separate Statement of Discovery, without allowing enough time for Plaintiff's counsel to respond.

## MEET AND CONFER EFFORTS

The parties have met and conferred on several occasions. Plaintiffs' counsel has stated that they are in trial and requested an extension to respond to Defendants statement. Defendant also indicated in their June 5, 2025 email to Plaintiffs' counsel that this could wait until the order for the motion to remand. Plaintiffs' counsel relied on this statement. Both counsels had a trial set in another matter in San Francisco Superior Court on June 2, 2025 and are still engaged in that trial as of the filing of this response.

## PLAINTIFF'S POSITION

The parties exchanged meet and confer emails regarding the second deposition of Mr. Holle. Mr. Holle's second deposition was set for Thursday May 29, 2025. (Ex. A to Decl. D. Bhanji) Plaintiff had no objections to this deposition. The weekend prior to the second deposition, Plaintiff's counsel were informed that Mr. Holle's PTSD symptoms had flared up and that he would not be able to sit for the second deposition that was scheduled for May 29, 2025.

On May 26, 2025, Plaintiff's counsel sent an email informing the defense counsel that Mr. Holle is dealing with his medical condition and would not be able to attend the scheduled deposition at this time. . (Ex. B to Decl. D. Bhanji)

Plaintiff's counsel in the same email also informed the defense counsel that additional dates for the second deposition would be provided to comply with the court's order once Mr. Holle has been permitted by his doctor. Plaintiffs' counsel also agreed to extend the discovery cut-off for Mr. Holle's second deposition.

On Friday, May 30, 2025, Plaintiffs' counsel received an email from defense counsel accusing Plaintiff of defying court's order because Mr. Holle was spotted at a town hall meeting the day before. (Ex. B to Decl. D. Bhanji)

On May 30, 2025, Plaintiff's counsel responded to defense counsels email stating to restrain himself from creating a false narrative and accusations. In the same email, Plaintiff's counsel informed the defense counsel that as soon as Mr. Holle's doctor has given the ok that he can sit for his deposition, we will provide additional dates. In the same email, Plaintiffs' counsel also stated that a doctor's note could be provided by Mr. Holle's provider if Defense counsel needed one. (Ex. B to Decl. D. Bhanji)

Plaintiff counsel also informed the defense that Plaintiffs' counsel were travelling to San Francisco from Atlanta on Friday May 30, 2025 for another trial and were willing to talk on Monday over the phone to clear out this matter.  Both Plaintiffs' counsel and Defense counsel had a trial call in another employment matter set for Monday June 2, 2025 in San Francisco Superior Court.

On June 2, 2025, Plaintiff's counsel emailed the doctor's note form Mr. Holle's provider to Defense counsel and re-stated  that Plaintiff will comply with the court's order for a second deposition but as of June 2nd 2025, Plaintiff's counsel had not received an okay from Mr. Holle's doctor and therefore at this time could not provide dates for a second deposition. Plaintiff's counsel reassured defense counsel that they would provide the dates for the second deposition as soon as Mr. Holle had received an okay from his provider. (Ex. C and D to Decl. D. Bhanji)

On June 2nd, 2025, defense counsel sent an email and agreed to have a discovery referee or support animal or person to attend the deposition.

On June 3rd, 2025, plaintiff's counsel responded that Plaintiff Shawn Holle will comply with courts order. Plaintiff's counsel again mentioned that we are waiting for release from Mr. Holles doctor so we can provide the defense with the dates.

Plaintiff counsel also reassured the defense counsel that Plaintiff is agreeable to continue deposition discovery of Mr. Holle even after the discovery cut off dates to comply with the courts order. Plaintiff counsel was also willing to discuss this issue further if the defense wanted to.

Plaintiff's and defense counsel met on the phone. Plaintiff was willing to comply with the two-hour second deposition, once we have a release date from the doctor then dates will be provided to the defense. Both parties agreed to extend the discovery deadline for the purpose of taking Mr. Holle's second deposition.

Both Plaintiffs' counsel and Defense counsel are in trial on another employment case, *Milani v City and County of San Francisco*. Mr. Holle will be testifying as a percipient witness in this case. This issue was brought before the trial judge who is aware of Mr. Holle's medical condition and that Mr. Holle will be testifying as a percipient witness and not on his own case or to his emotional distress damages, which is what the extent of the second deposition would comprise. The trial judge would also be the referee during Mr. Holle's testimony. (Ex. E to Decl. D. Bhanji)

On June 4, 2025, Defense counsel sent an email regarding a joint statement be sent to this court in this matter and included Defendants portion of the statement. Defense counsel stated that Plaintiffs portion should be provided by June 5, 2025. (Ex. F to Decl. D. Bhanji)

On June 5, 2025, Plaintiffs' counsel responded that since Plaintiffs' counsel were in trial, they would need more than 24 hours to respond. (Ex. F to Decl. D. Bhanji)

PLAINTIFFS NOTICE OF MOTION AND MOTION TO REMAND -3:24-CV-06263-AGT          4

On June 5, 2025, Mr. Shapiro sent an email stating that "this can wait until we get an order on the motion for remand." Plaintiffs' counsel relied on this statement. (Ex. F to Decl. D. Bhanji)

On June 11, 2025, Mr. Shapiro emailed Plaintiffs' counsel stating that Defendants will be sending the discovery motion statement by Friday June 13, 2025 and to add Plaintiffs position. (Ex. G to Decl. D. Bhanji)

On June 13, 2025, Plaintiffs' counsel responded that both parties were in trial and were reviewing 95 juror questionnaires and preparing the cause challenge list to be provided to the trial judge by June 15, 2025. In addition, parties had to meet and confer on these cause challenges prior to submitting them to the trial judge. Further, Plaintiffs' counsel had relied on Mr. Shapiro's statement from his June 5, 2025 email that this could wait until "we get an order for the motion to remand". Plaintiffs' counsel would need more time to respond. Plaintiffs' counsel again reiterated that we had agreed to extend the discovery cut-off for Mr. Holles second deposition. (Ex. H to Decl. D. Bhanji)

On June 13, 2025, Plaintiffs' counsel received an electronic notification that Defendants had filed their statement which did not include Plaintiffs portion.

## **RELEIF REQUESTED**

Plaintiff has never objected to the courts order for a second deposition or stated that they would not comply. The focus of the second deposition is based on the damages that Mr. Holle has suffered. Mr. Holles PTSD has been triggered and this is a sensitive area for him to discuss. Plaintiff's counsel is waiting for Mr. Holle's provider to give the green light for him to sit for his deposition so as not to aggravate his already compromised mental health. Plaintiffs' counsel has

also suggested that a discovery referee be present to ensure that the second deposition is completed in a professional manner.

Again, presently Plaintiffs' counsel is engaged in another trial with Defense counsel and Defense is well aware of this. Plaintiffs' counsel has never objected to the two-hour court ordered deposition that was previously requested by Defense counsel. Now Defense counsel is asking for a five-hour deposition.  Plaintiff's counsel is objecting to the 5-hour deposition as defense counsel has failed to show good cause.  Further Plaintiffs' counsel should not be forced to incur expenses of the discovery referee due to Mr. Shapiro's unprofessional conduct during the initial deposition.

DATED: June 19, 2025                    BHANJI LAW FIRM


By: Diallah Bhanji
_____
    Diallah Bhanji Esq
    Alkarim Bhanji Esq
    Attorneys for Plaintiff SHAWN HOLLE