UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN HOLLE,

        Plaintiff,

   v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

        Defendants.

Case No.  24-cv-06263-AGT

**ORDER ON MOTION FOR LEAVE
TO AMEND THE COMPLAINT**

Re: Dkt. No. 33

Shawn Holle has moved for leave to amend his complaint to drop his federal claims. "Defendants do not oppose the motion for leave to amend . . . [,]" but have asked the Court to dismiss Holle's federal claims with prejudice and to retain jurisdiction over his remaining state-law claims. Opp'n, Dkt. 34 at 6.

Holle's unopposed motion for leave to amend is granted. The Court hasn't reached the merits of the federal claims and so won't dismiss those claims with prejudice. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("'Final judgment on the merits' is synonymous with 'dismissal with prejudice.'") (quoting another source). Nor will the Court retain jurisdiction over Holle's state-law claims. Indeed, contrary to defendants' assertion, the Court doesn't even have discretion to keep the state-law claims.

> When a plaintiff . . . cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025).

Holle's federal claims provided the only basis for federal subject-matter jurisdiction. Now that Holle has dropped his federal claims, the Court lacks jurisdiction and must—and now does—remand the case to state court.

**IT IS SO ORDERED.**

Dated: June 23, 2025

Alex G. Tse
United States Magistrate Judge